IN THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

**CLAIRE LARODE,**

    Plaintiff,                                   CASE NO.:

v.

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**

    Defendant.

_____/

**STATEMENT OF CLAIM**
**JURY DEMAND**

**NOW INTO COURT,** through undersigned counsel, comes CLAIRE LARODE, the Plaintiff herein and hereby filed this Statement of Claim against PORTFOLIO RECOVERY ASSOCIATES, LLC and hereby states as follows:

**PART I: INTRODUCTION**

1. This is an action for damages which do not exceed $2,500.00 in any single count; it is brought by individual consumer for violations of the Florida Consumer Collection Practices Act, § 559.72, Fla. Stat. (2015) et seq. ("FCCPA") and the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 et seq ("FDCPA").

**JURISDICTION**

2. Jurisdiction of this Court arises under Florida Statute § 48.193 and pursuant to 15 U.S.C. § 1692 et seq.

3. This action arises out of Defendants' violations of the FCCPA and FDCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this County because the acts and transactions occurred in Florida where the Plaintiff resides and Defendant transacts business here.

## PARTIES

5. Plaintiff, CLAIRE LARODE, is a natural person who resides in the State of Florida, and is a "consumer" as that term is defined by § 559.55(8), Fla. Stat. (2015) and 15 U.S.C. § 1692a(3).

6. Defendant is a "creditor" as defined in § 559.55(5), Fla. Stat. (2015) and 15 U.S.C. § 1692a(4).

7. Defendant is incorporated under the United States Law as a consumer collection agency and is duly licensed and authorized to engage and is engaged in the doing of business by virtue of the laws and regulations of the State of Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by §559.55(6), Fla. Stat. (2015) and 15 U.S.C. § 1692a(5). Upon information and belief, Defendant is attempting to collect on a consumer debt from Plaintiff, who used the credit at issue for personal purchases such as food, clothing, gasoline, travel, etc.

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

10. On or about September 28, 2016, Defendant filed a lawsuit in Brevard County in the case titled "Portfolio Recovery Associates, LLC v. Claire Larode" Case No.: 2016-CC-045654. A true copy of Defendant's Complaint is attached hereto as Exhibit "A".

11. On or about December 21, 2016, Plaintiff pulled a credit report from Equifax and reviewed Defendant's listing on her credit report, which read that it was "Closed". A true copy of Plaintiff's credit report is attached hereto as Exhibit "B".

### COUNT I
### VIOLATION OF THE FLORIDA CONSUMER
### COLLECTION PRACTICES ACT 559.72(9), Fla. Stat. (2015)

12. Plaintiff incorporates Paragraphs 1 through 11.

13. Defendant knew that Defendant was attempting to collect a debt that was not legitimate, or was asserting a legal right when it knew that the right did not exist.

14. Defendant has violated the Florida Consumer Practices Act. Specifically, Defendant had violated Fla. Stat. §559.72(9) on September 28, 2016 when Defendant filed a lawsuit against Plaintiff in an attempt to collect an alleged debt to which it had no legal basis to do so because the debt is listed as "closed" on Plaintiff's credit report.

15. Due to the violations of Florida law by the Defendant as set forth above, the Plaintiff has been damaged and is entitled to an award of actual damages, statutory damages as well as reasonable attorney's fees and costs pursuant to § 559.77(2), Fla. Stat. (2015)., which provides for an award in the amount of the sum of actual damages, up to $1,000.00 for each violation of the Act, and costs together with a reasonable attorney's fee.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses, and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT II
### VIOLATION OF THE FEDERAL DEBT COLLECTION
### PRACTICES ACT, 15 U.S.C. §1692e(5)

16. Plaintiff incorporates Paragraphs 1 through 11.

17. Defendant knew that Defendant was attempting to collect a debt that was not legitimate, or was asserting a legal right when it knew that the right did not exist.

18.     Defendant has violated the Federal Debt Collection Practices Act. Specifically, Defendant had violated 15 U.S.C. §1692e(5) on September 28, 2016 when Defendant filed a lawsuit against Plaintiff in an attempt to collect an alleged debt to which it had no legal basis to do so because the debt is listed as "closed" on Plaintiff's credit report.

19.     Due to the violations of federal law by the Defendant as set forth above, the Plaintiff has been damaged and is entitled to an award of actual damages, statutory damages, as well as reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a), which provides for an award in the amount of the sum of actual damages, up to $1,000.00 for each violation of the Act, and costs together with a reasonable attorney's fee.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses, and costs of the instant suit; and

   c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated:  December 23, 2016

_____
**Michael Tierney, P.A.**
Michael Tierney, Esquire
Florida Bar No.: 643475
918 Beard Avenue
Winter Park, Florida 32789-1806
Tel: (407) 740-0074
Attorney for Plaintiff